Basilio REYES and Rogelio Reyes *v.* STATE of Arkansas

CR 96-1385                                954 S.W.2d 199

Supreme Court of Arkansas
Opinion delivered September 11, 1997

*Thomas Travis*, for appellants.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Sr. Asst. Att'y Gen., for appellee.

PER CURIAM. On July 14, 1997, Thomas Travis, counsel for appellants Basilio Reyes and Rogelio Reyes, moved this court to appoint him as counsel *nunc pro tunc* from November 31, 1995. He states in his motion that "he has not been compensated for his past or future representation in this case." He further states that his clients refused to sign an affidavit of indigency, and he, accordingly, has attached his own affidavit to his motion attesting to his clients' indigency. The appeal in the appellants' case was submitted to this court for consideration on September 11, 1997.

The history of counsel's representation of the Reyeses on appeal can be gathered from the Supreme Court file in this case. On January 21, 1997, the Reyeses, who are incarcerated, filed their motion for substitution of counsel and attached two affidavits of indigency showing no assets. On February 6, 1997, Thomas Travis moved to withdraw as their counsel and set out in his motion that he had been paid only $3,000 for trial representation and that $2,000 was still owed him plus $1,000 which he paid for the trial transcript. Both motions were denied by this court. Mr. Travis's motion to be appointed as counsel due to his clients' indigency was then filed on July 14, 1997.

Though we question the diligence of Mr. Travis in filing his appointment motion, our file in this matter does show that the Reyeses have filed the proper affidavits of indigency in connection with their own motion to substitute counsel. Because the clients' affidavits establishing indigency have been filed in this appeal, we grant Mr. Travis's request to be appointed, but only with respect to the appeal. His motion as it relates to appointment *nunc pro tunc* for representation at trial is denied. It is clear that Mr. Travis was retained for his trial work and compensated in part for that representation.